**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JASON BROUSSARD** | **C.A. NO.: 22-843-BAJ-RLB** |
| **VERSUS** | **JUDGE: JACKSON** |
| **EXXON MOBIL CORPORATION** | **MAGISTRATE JUDGE: BOURGEOIS** |

## FIRST AMENDED COMPLAINT FOR WAGES DUE

**NOW INTO COURT,** through undersigned counsel, comes JASON BROUSSARD, who in this First Amended Complaint for Wages Due, states and alleges as follows:

## PARTIES AND JURISDICTION

1.    At all times material herein, the Plaintiff, JASON BROUSSARD, [hereinafter, "BROUSSARD"], was a resident citizen of the City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana.

2.    At all times material herein, Defendant, EXXON MOBIL CORPORATION, [hereinafter, "EXXON"], was a foreign limited liability company, with its principal place of business in the Irving, Texas, authorized to do, and doing business in the Middle District of Louisiana, where this action is filed.

3.    BROUSSARD officially tendered his two week notice of resignation to his supervisor, via email on February 15th 2022.

4.    The following day, February 16th 2022, BROUSSARD met with his supervisor and a representative of Human Resources at which time they excepted his resignation *effective immediately.*

5.    Upon acceptance of this resignation, BROUSSARD was prohibited from returning to his jobsite and did not perform any work for EXXON.

6.    As a salaried employees BROUSSARD was paid through the period ending on

February 28, 2022.

7.    This action was originally commenced in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on or about September 30, 2022.

8.    The is action was noticed for removal by the Defendant pursuant to 28 U.S.C. §1441 *et seq.* on or about October 27. 2022.

9.    This Honorable Court was vested with original jurisdiction under 28 U.S.C §1332, as the amount in controversy is now believed to exceed $75,000.00, exclusive of interest and costs and is between citizens of different states.

## WAGES DUE

1.    BROUSSARD officially tendered his two week notice of resignation to his supervisor, via email on February 15th 2022.

2.    The following day, February 16th 2022, BROUSSARD met with his supervisor and a representative of Human Resources at which time they excepted his resignation ***effective immediately.***

3.    Upon acceptance of this resignation, BROUSSARD was prohibited from returning to his jobsite and did not perform any work for EXXON.

4.    As a salaried employees BROUSSARD was paid through the period ending on February 28, 2022.

5.    BROUSSARD had accrued at least $13,336.00 of paid vacation. After receiving his final paycheck, BROUSSARD determined that his accrued vacation was unpaid.

6.    BROUSSARD first requested his accrued vacation pay beginning on March 17, 2022, via an email written to payroll assistance at Exxon Mobil.

7.    Exxon Mobil finally remitted partial unpaid wages owed on accrued vacation in the

amount of $8,651.00 on April 28, 2022, thirty-five (35) days after the deadline required by law and thirty-seven (37) days after BROUSSARD'S initial written demand. The remaining balance owed for accrued vacation is $4,685.00.

8.   BROUSSARD then discovered that he was entitled to $150.00 per month in shift differential pay from 2015 until the end of 2020 that Exxon Mobil paid overnight shift employees in his position that he was not paid.

9.   This resulted in $11,250.00 in unpaid shift differential compensation owed to BROUSSARD. BROUSSARD became a shift supervisor eligible for this pay in September 2015.

10.  BROUSSARD received 80 hour per year of vacation as well as 40 hours per year of sick leave both of which reset on the anniversary date of the agreement, which would have reset on July 15, 2022.

11.  BROUSSARD had taken off a total of eleven (11) hours for vacation since the most recent reset date.

12.  Despite BROUSSARD's separation date of February 28, 2022, which was in the first quarter of the year, EXXON refused to pay out his pension until after July 4, 2022, which was in the third quarter of the year.

13.  In doing so, EXXON chose third quarter interest rates, which cost BROUSSARD $60,448.73 in pension funds that would have been paid if EXXON processed his pension payout on the date of separation.

14.  On or about May 17, 2022, Petitioner, through undersigned counsel, made a written demand for payment of earned wages via certified mail. A copy of the Demand Letter is attached as **Exhibit 1**.

15.     Despite amicable demand, to date EXXON has not paid BROUSSARD'S unpaid

wages.

16.     Defendant, EXXON, failed to pay Plaintiff, BROUSSARD, unpaid wages, plus costs

of collection and statutory penalties including penalty wages and attorneys' fees, all in

the amount to be proven at trial.

17.     Pursuant to La. R.S. 23:631, EXXON shall be liable to the employee either for ninety

(90) days wages at the employee's daily rate of pay, or else for full wages from the

time the employee's demand for payment is made until the employer shall pay or

tender the amount of unpaid wages due to such employee, whichever is the lesser

amount of penalty wages.

**WHEREFORE**, Plaintiff, JASON BROUSSARD, prays for judgment against the above

named Defendant, EXXON MOBIL CORPORATION, for recovery of unpaid wages and for the

full amount of the employment commissions, expenses, plus pre-judgment and post judgment

interest, costs of collection, statutory penalties including ninety (90) days penalty wages and

attorneys' fees pursuant to La. R.S. 23:632, and such other relief as the Court deems just.


Respectfully Submitted,
**Andrew Murrell Law Firm**

BY:

　__/s/ J. Andrew Murrell___
**J. Andrew Murrell**
Bar Roll Number:  34003
1955 Carolyn Sue Drive
Baton Rouge, LA  70815
Telephone/Facsimile: (844) 626-3739
Email:  Andrew@AndrewMurrell.com
*Attorney for Jason Broussard*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that he has electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a copy of the foregoing pleading to all counsel of record by notice of electronic filing. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants, this 20th day of October 2023.


___/s/ J. Andrew Murrell___
**J. Andrew Murrell**